IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| JASMINE W. JONES,<br><br>Plaintiff,<br><br>v.<br><br>HYUNDAI MOTOR MANUFACTURING OF ALABAMA,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 2:25-cv-499-RAH-JTA<br>(WO) |

**ORDER**

Before the court is the motion to compel filed by Defendant Hyundai Motor Manufacturing of Alabama, LLC. (Doc. No. 51.) Also before the court is Plaintiff Jasmine W. Jones's motion for an *in-camera* conference. (Doc. No. 53.) For the reasons stated below, the motion to compel is due to be granted and the motion for *in-camera* conference is due to be denied.

## I. DISCUSSION

### A. Motion to Compel

Defendant seeks an order compelling Plaintiff to produce overdue initial disclosures, responses to interrogatories, and document production requests. (Doc. No. 51.) Prior to seeking court intervention, Defendant attempted several times to obtain the outstanding discovery from Plaintiff. (*Id.*) In light of a death in Plaintiff's family and other matters, Defendant provided Plaintiff numerous extensions of time to produce the outstanding discovery before filing a motion to compel. (*Id.*) Plaintiff does not oppose the

motion to compel.[1]

Defendant has met Rule 37(a)(1)'s requirement to "in good faith confer[] or attempt[] to confer with the person or party failing to make disclosure or discovery in an effort to obtain it without court action." Fed. R. Civ. P. 37(a)(1). Further, Defendant has demonstrated Plaintiff failed to make disclosures pursuant to Rule 26(a) of the Federal Rules of Civil Procedure, failed "to answer . . . interrogator[ies] submitted under Rule 33," and failed "to produce documents or . . . respond that inspection will be permitted." Fed. R. Civ. P. 37(a)(3)(A)–(B). Accordingly, Defendant is entitled to an order compelling Plaintiff to produce the outstanding discovery.

B. Motion for *In-camera* Proceeding

Plaintiff states: "I am not asking the Court to excuse me from any obligation to provide information that the Court determines is relevant or necessary." (Doc. No. 53 at 2.) She seeks an *in-camera* conference to explain "matters of an intensely personal nature concerning multiple profound loss[es] within [her] family" and "serious and uncertain matters concerning [her] physical well-being and medical conditions, the nature and outcome of which are not yet fully known." (*Id.* at 1.) She wishes to discuss those matters with Defendant without placing them in the public record and "in a setting authorized by

[1] On September 4, 2026, the court ordered Plaintiff to show cause, on or before September 25, 2026, why the motion to compel should not be granted. (Doc. No. 52.) Plaintiff did not comply with the September 4, 2026 order, thus her non-compliance is viewed as indicating no opposition to the motion. (*See* Doc. No. 48 at 4 ("The parties are ADVISED the failure to file a response to any motion – either dispositive or non-dispositive – within the time allowed by the court shall indicate that there is no opposition to the motion.").) Notably, on September 29, 2026, Plaintiff filed her request for an *in-camera* review, which does not address the merits of the motion to compel. (Doc. No. 53.)

the Court . . . with whatever safeguards the Court considers necessary." (*Id*. at 1–2.)

As is demonstrated in Defendant's motion to compel, the parties are capable of privately discussing Plaintiff's personal matters and have done so in appropriate circumstances. The court will not unnecessarily require the parties to come to the courthouse for a conference regarding the unfortunate matters mentioned in Plaintiff's motion, on or off the public record. Moreover, regardless of Plaintiff's circumstances, she owes Defendant outstanding discovery, so there is no reason to require the parties to engage in further conversations about matters pending before the court.

Regardless of her circumstances, Plaintiff is once again REMINDED that this is her case, so it is her responsibility to prosecute this action and comply with court orders, the court's local rules, and the Federal Rules of Civil Procedure. (Doc. No. 7 at 2–3.) Failure to meet those responsibilities will result in dismissal of this action for failure to prosecute and failure to comply with court orders. (*See id.*) Such dismissal may be with or without prejudice.

## II. CONCLUSION

For the reasons stated above, it is ORDERED as follows:

1. Defendant's motion to compel (Doc. No. 51) is GRANTED.

2. **On or before October 16, 2026,**[2] Plaintiff shall provide Defendant with her

[2] In light of the difficulties to which Plaintiff alludes in her motion (Doc. No. 53), the court allows Plaintiff fourteen days to comply with her outstanding discovery obligations. That deadline is longer than would be allowed under normal circumstances. Particularly in light of the extensions Defendant already provided, a fourteen-day deadline is adequate. **NO FURTHER EXTENSIONS WILL BE PERMITTED.** This case must move forward.

initial disclosures and complete responses to Defendant's First Interrogatories and Requests for Production.

3. Plaintiff's motion for an *in-camera* conference (Doc. No. 53) is DENIED.

4. **On or before October 16, 2026,** Plaintiff shall show cause why this action should not be dismissed for her failure to comply with the order entered September 4, 2026. (Doc. No. 52.)

**Failure to comply with this order will result in a recommendation of dismissal for failure to prosecute and failure to comply with court orders.**[3]

DONE this 5th day of October, 2026.

JERUSHA T. ADAMS
UNITED STATES MAGISTRATE JUDGE

[3] In its reply brief, Defendant requests dismissal of this action due to failure to prosecute and an award of its reasonable expenses incurred in making the motion to compel. (Doc. No. 54 at 5–9.) Defendant did not request such relief in its motion to compel, and the undersigned declines to construe the reply brief as containing motions for expenses or dismissal. *See* Fed. R. Civ. P. 7(b)(1) ("A request for a court order must be made by motion."); *Celeritech Int'l Corp. v. Superstar Holdings Inc*., 348 F.R.D. 127, 139 (S.D. Fla. 2024) ("Courts typically do not rule on requests embedded in a legal memorandum, as opposed to being raised in an actual motion." (collecting cases)).